# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL REAMS,<br><br>        Petitioner,<br><br>   v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA, et al.,<br><br>        Respondent. | 1:06-cv-01427-OWW-TAG HC<br><br>ORDER REQUIRING PETITIONER TO AMEND THE PETITION AND NAME A PROPER RESPONDENT WITHIN THIRTY DAYS OF SERVICE OF THIS ORDER<br><br>(Doc. 1) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 16, 2006, Petitioner filed the instant petition for writ of habeas corpus in the United States District Court for the Eastern District of California, Fresno Division. (Doc. 1).

Rule 4 of the Rules Governing § 2254 Cases[1] requires that the Court make a preliminary review of each Petition for Writ of Habeas Corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing 2254 Cases; see, also, Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

///

## **DISCUSSION**

---

[1] The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion. See, Rule 1 of the Rules Governing Section 2254 Cases. Civil Rule 81(a)(2) provides that the rules are "applicable to proceedings for . . . habeas corpus . . . to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice of civil actions." Fed. R. Civ. P 81(a)(2).

A petitioner seeking habeas corpus relief must name the state officer having custody of him as the respondent to the petition. Rule 2 (a) of the Rules Governing § 2254 Cases; <u>Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 894 (9th Cir. 1996); <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. <u>Brittingham v. United States</u>, 982 F.2d 378, 379 (9th Cir. 1992). However, the chief officer in charge of state penal institutions is also appropriate. <u>Ortiz-Sandoval</u>, 81 F.3d at 894; <u>Stanley</u>, 21 F.3d at 360. When a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency. <u>Id</u>.

Petitioner asserts that he is incarcerated at the Chuckawalla Valley State Prison, Blythe, California. The individual in charge of that facility is John F. Salazar, Warden. The instant petition does not name Mr. Salazar as Respondent but instead names "The People of the State of California" as Respondent. (Doc. 1). The "People of the State of California" is not the <u>warden</u> or individual in charge of the institution where Petitioner is confined, and thus is not the person having day-to-day control over Petitioner.

Petitioner therefore must file an amended petition within thirty days naming as Respondent the individual responsible for day-to-day control over Petitioner. <u>See</u>, <u>West v. Louisiana</u>, 478 F.2d 1026, 1029 (5th Cir. 1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir. 1975) (en banc) (allowing petitioner to amend petition to name proper respondent); <u>Ashley v. State of Washington</u>, 394 F.2d 125 (9th Cir. 1968) (same). **Petitioner's failure to name his custodian as a respondent deprives this Court of personal jurisdiction to consider his petition**. <u>Stanley</u>, 21 F.3d at 360; <u>Dunne v. Henman</u>, 875 F.2d 244, 249 (9th Cir. 1989).

Accordingly, it is HEREBY ORDERED:

1. Petitioner SHALL, within thirty (30) days of service of this order, Amend the Petition to name the proper respondent. The amended petition should be clearly and boldly titled "AMENDED PETITION," contain the appropriate case number, and be an original signed under penalty of perjury. Petitioner is advised that the

form petition must set forth all claims for relief, including the facts and arguments in support of those claims. Petitioner should also note that every pleading to which an amendment is permitted must be retyped or rewritten and filed so that it is complete in itself without reference to the prior or superseded pleading. Local Rule 15-220.

2. The Clerk of Court is DIRECTED to send Petitioner a blank form petition for state prisoners filing pursuant to § 2254.

Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the Petition be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

Dated:   **November 28, 2007**                              **/s/ Theresa A. Goldner**
                                                          UNITED STATES MAGISTRATE JUDGE