# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL REAMS,<br><br>        Petitioner,<br>    v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>        Respondent. | 1:06-CV-01427 JMD HC<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254.

### **BACKGROUND**

Petitioner's incarceration stems from a judgment entered on September 24, 2002, in the Fresno County Superior Court. Petitioner pled guilty to spousal abuse (Count One),[1] aggravated assault (Count Two),[2] and making a terrorist threat (Count Three).[3] (Lod. Doc. 3, Opinion of the Court of Appeal, Fifth Appellate District, at 2). Petitioner also admitted to having personally inflicted great bodily injury with regards to the spousal abuse and aggravated assault charge (Cal.

---

[1] In violation of Cal. Penal Code § 273.5(a).

[2] In violation of Cal. Penal Code § 245(a).

[3] In violation of Cal. Penal Code § 422.

1

Penal Code § 12022.7(e)) and having a prior serious felony (Cal. Penal Code § 667(a)(1)). (Answer at 4; Lod Doc. 3 at 2).

Petitioner received an aggregate unstayed sentence of twelve years and eight months, consisting of a two year lower term for the substantive offense in Count One, a consecutive five year upper term resulting from the sentence enhancement for Count One, eight months for the substantive offense in Count Three, and a five year sentence enhancement for the prior serious felony conviction pursuant to California Penal Code section 677(a). (Answer at 4). Petitioner's sentence for Count Two was stayed pursuant to California Penal Code section 654.

Petitioner appealed his sentence to the California Court of Appeal, which issued a reasoned opinion on December 5, 2005, affirming Petitioner's sentence. (*See* Lod. Doc. 3).

Petitioner subsequently filed a petition for review to the California Supreme Court on April 28, 2006. (Lod. Doc. 4). The California Supreme Court denied the petition for review on June 14, 2006. (*See* Lod. Doc. 5).[4]

Petitioner filed the instant federal petition for writ of habeas corpus on October 16, 2006, alleging a violation of his constitutional rights arising from the imposition of an upper term and consecutive sentence. On January 2, 2008, Petitioner filed an amended petition, alleging the same ground for relief.

Respondent filed an answer on May 1, 2008. Petitioner replied to Respondent's answer on May 29, 2008.

Consent to Magistrate Judge Jurisdiction

On November 3, 2006, Petitioner consented, pursuant to Title 18 U.S.C. section 636(c)(1), to have a magistrate judge conduct all further proceedings, including entry of the final judgment. (Court Doc. 4).

On July 9, 2008, Respondent also consented to the jurisdiction of a magistrate judge. (Court Doc. 16).

On April , 2009, the case was reassigned to the undersigned. (Court Doc. 23).

---

[4] Respondent admits that the petition is timely. (Answer at 2).

# DISCUSSION

## I.  Jurisdiction and Venue

A person in custody pursuant to the judgment of a state court may petition a district court for relief by way of a writ of habeas corpus if the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); *Williams v. Taylor*, 529 U.S. 362, 375 n.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution and Petitioner's custody arose from a judgment of the Fresno County Superior Court, which is within this judicial district. 28 U.S.C. § 84(b). As an application for writ of habeas corpus may be filed in either the district court where Petitioner was sentenced, the Court has jurisdiction over and is the proper venue for this action. *See* 28 U.S.C. § 2241(d).

## II.  ADEPA Standard of Review

In April 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for a writ of habeas corpus filed after the statute's enactment. *Lindh v. Murphy*, 521 U.S. 320, 326-327 (1997); *Jeffries v. Wood*, 114 F.3d 1484, 1499 (9th Cir. 1997), *cert. denied*, 522 U.S. 1008, 118 S.Ct. 586 (1997) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996), *cert. denied*, 520 U.S. 1107 (1997), *overruled on other grounds by Lindh*, 521 U.S. 320 (holding AEDPA only applicable to cases filed after statute's enactment)). The instant petition was filed in 2006 and is consequently governed by AEDPA's provisions, which became effective upon its enactment on April 24, 1996. *Lockyer v. Andrade*, 538 U.S. 63, 70 (2003).

As Petitioner is in the custody of the California Department of Corrections and Rehabilitation pursuant to a state court judgment, Title 28 U.S.C. section 2254 remains the exclusive vehicle for Petitioner's habeas petition. *Sass v. California Board of Prison Terms*, 461 F.3d 1123, 1126-1127 (9th Cir. 2006) (quoting *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004) in holding that § 2254 is the exclusive vehicle for a habeas petitioner in custody pursuant to a state court judgment even where the petitioner is not challenging his underlying state court conviction). Under AEDPA, a petition for habeas corpus "may be granted only if he demonstrates that the state court decision denying relief was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" *Irons v. Carey*, 505 F.3d

846, 850 (9th Cir. 2007) (quoting 28 U.S.C. § 2254(d)(1)); *see Lockyer*, 538 U.S. at 70-71.

As a threshold matter, this Court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'" *Lockyer*, 538 U.S. at 71 (quoting 28 U.S.C. § 2254(d)(1)). In ascertaining what is "clearly established Federal law," this Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Id.* (quoting *Williams*, 592 U.S. at 412). "In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Id.*

Finally, this Court must consider whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." *Lockyer*, 538 U.S. at 72, (quoting 28 U.S.C. § 2254(d)(1)). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413; *see also Lockyer*, 538 U.S. at 72. "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. "[A] federal court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id.* at 409.

Petitioner bears the burden of establishing that the state court's decision is contrary to or involved an unreasonable application of United States Supreme Court precedent. *Baylor v. Estelle*, 94 F.3d 1321, 1325 (9th Cir. 1996). Although only Supreme Court law is binding on the states, Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court decision is objectively unreasonable. *See Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003); *Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir. 1999).

AEDPA requires that we give considerable deference to state court decisions. The state court's factual findings are presumed correct. 28 U.S.C. § 2254(e)(1). We are bound by a state's interpretation of its own laws. *Souch v. Schaivo*, 289 F.3d 616, 621 (9th Cir. 2002), *cert. denied*, 537 U.S. 859 (2002), *rehearing denied*, 537 U.S. 1149 (2003).

### III.  Review of Petitioner's Claim

In his sole ground for relief, Petitioner contends that the imposition of the upper term and consecutive sentence for infliction of great bodily injury violated his constitutional rights to a jury trial and due process of the law.[5]  (Pet. at 5).  While Petitioner does not specifically state the Supreme Court precedents upon which he bases his request for habeas corpus relief, Petitioner's claim is presumably the same claim he raised to the state appellate court.  (*See* Lod. Doc. 1). Petitioner is thus arguing that his Sixth and Fourteenth Amendment rights were violated based on clearly established Federal law derived from *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and its progeny.  In *Apprendi*, the United States Supreme Court overturned a state sentencing scheme as violative of a criminal defendant's right to have a jury verdict based on proof beyond reasonable doubt.  The sentencing scheme permitted a trial judge to enhance a defendant's penalty beyond the prescribed statutory maximum upon a finding by a preponderance of the evidence that the defendant committed the crime with racial animus. *Id*. at 469.  The Supreme Court held that the Sixth Amendment right to a jury trial required that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to jury, and proved beyond a reasonable doubt." *Id.* at 490.  In *Blakely v. Washington*, 542 U.S. 296, 303-304 (2004), the high court explained that the "statutory maximum" is the maximum sentence a judge may impose based exclusively on the facts reflected in the jury verdict or admitted by the defendant and not the maximum sentence a judge may impose after finding additional facts.

\\\

---

[5]Petitioner does not actually identify which sentence enhancement he is challenging but the sentence enhancement for Count One are the only ones subject to an *Apprendi* challenge as the sentence enhancements for Count Two were stayed. (*See* Lod. Doc. 3 at 2).  Furthermore, there is no upper or consecutive term for the sentence enhancements related to Count Three as California Penal Code § 667(a)(1) mandates the imposition of a five year enhancement for each prior conviction if the conviction is a serious felony.

This claim was presented on direct appeal to the California Court of Appeal, Fifth Appellate District. The state appellate court issued a reasoned decision affirming Petitioner's sentence and rejecting his argument that his constitutional rights had been violated. (*See* Lod Doc. 3). Petitioner's subsequent petition for review before the California Supreme Court was summarily denied, though the court denied the petition "without prejudice as to any relief which defendant might be entitled" pending the United States Supreme Court's decision in *Cunningham v. California*, 549 U.S. 270 (2007). (Lod. Doc. 5). When reviewing a state court's summary denial, the Court "look[s] through" the summary disposition to the last reasoned decision. *See Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n. 2 (9th Cir. 2000) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991)). Thus, the California Supreme Court is presumed to have adjudicated Petitioner's claim for the same reasons cited by the California Court of Appeal in their reasoned decision. *See Ylst v. Nunnemaker*, 501 U.S. at 803.

The Court of Appeal relied exclusively on *People v. Black*, 35 Cal.4th 1238 (2005), to reject Petitioner's claim. (Lod. Doc. 3 at 3). In *Black*, the California Supreme Court held that California's determinative sentencing law satisfied federal constitutional law, stating that:

> *Blakely* and *Booker*[*v. Washington*, 543 U.S. 220, 125 S.Ct. 738 (2005)]established a constitutionally significant distinction between a sentencing scheme that permits judges to engage in the type of judicial fact finding typically and traditionally involved in the exercise of judicial discretion employed in selecting a sentence from within the range prescribed for an offense, and a sentencing scheme that assigns to judges the type of fact-finding role traditionally exercised by juries in determining the existence or nonexistence of elements of an offense.

*Black*, 35 Cal.4th at 1253.

The *Black* court went on to find that "in operation and effect, the provisions of the California determinate sentencing law simply authorize a sentencing court to engage in the type of fact-finding that traditionally has been incident to the judge's selection of an appropriate sentence within a statutorily prescribed sentencing range." *Id.* at 1254. The *Black* court held that the "presumptive" midterm does nothing more than establish a "reasonableness" constraint on an otherwise wholly discretionary sentencing choice akin to that which the United States Supreme Court has deemed constitutional. *Id.* at 1261. Similar to California's determinate sentencing law, the state sentencing schemes in both *Apprendi* and *Blakely* established an ordinary sentencing range but permitted the

trial judge to impose a sentence in excess of that range if the judge determined the existence of specified facts not intrinsic to the crime. In *Blakely*, the United States Supreme Court held that a sentence in excess of the ordinary range was unconstitutional because it was based on facts that were not admitted by defendant or found true by the jury beyond a reasonable doubt. Consequently, in *Cunningham v. California*, 549 U.S. 270, 293 (2007), the United States Supreme Court held that the California Supreme Court's ruling in *Black* was erroneous. The *Cunningham* court noted that the middle term specified in California's statutes was the relevant statutory maximum for the purpose of applying *Blakely* and *Apprendi*. The high court further concluded that the imposition of the upper term based solely upon a trial judge's fact finding violated the defendant's Sixth and Fourteenth Amendment rights because it "assigns to the trial judge, not the jury, authority to find facts that expose a defendant to an elevated 'upper term' sentence." *Id.* at 274.

Respondent argues that the *Cunningham* decision constituted a new procedural rule of constitutional law, which cannot be retroactively applied pursuant to *Teague v. Lane*, 489 U.S. 288 (1989) on collateral review to upset a state conviction or sentence finalized prior to the new decision. (Answer at 11-16). "When a State raises the issue of retroactivity, 'federal habeas courts *must* apply *Teague* before considering the merits' of a claim." *Butler v. Curry*, 528 F.3d 624, 633 (9th Cir. 2008) (citing *Beard v. Banks*, 542 U.S. 406, 412 (2004)).[6]

Contrary to Respondent's argument, under this Court's current Circuit authority, California's determinate sentencing law clearly violated the principle established in *Apprendi* and *Blakely*–specifically, that any fact other than a prior conviction which increases the penalty for the crime beyond the statutory maximum must be submitted to the jury and proved beyond a reasonable doubt. *Butler*, 528 F.3d at 635-636. In *Butler*, the Ninth Circuit found that California's sentencing law was virtually identical to the sentencing law struck down in *Blakely* as both sentencing statute required the imposition of a middle term unless the judge found factors in aggravation or mitigation, provided a nonexhaustive list of possible reasons for an exception sentence, and an exceptional sentence could be based on factors other than those found by a jury beyond a reasonable doubt. *Id*.

---

[6]Respondent filed its answer to the petition prior to the Ninth Circuit's recent decision in Butler. However, for the reasons explained below, further briefing is not necessary.

Therefore, *Cunningham* did nothing more than reiterate and apply the holding from *Blakely* to California's law and is therefore applicable to Petitioner's case. *Id*. at 636.

Based on the foregoing, the California Court of Appeal is contrary to clearly established federal law in *Apprendi* and *Blakely*. However, this finding does not automatically entitle Petitioner to relief as the "power to grant the writ of habeas corpus to a state inmate depends on his actually being 'in custody in violation of the Constitution or laws . . . of the United States.'" *Butler*, 528 F.3d at 641 (citing 28 U.S.C. § 2241(c)(3)). To this end, the Court must apply a *de novo* standard of review to determine whether a constitutional violation has occurred. *Id*.

As Respondent correctly argues, the imposition of consecutive sentences does not violate Petitioner's constitutional rights as the statute requires a consecutive term for a violation of California Penal Code section 12022.7(e).[7] There is no allegation or evidence that the imposition of this sentence enhancement was based on impermissible judicial fact finding.

The question of whether Petitioner's constitutional rights were violated by the imposition of an upper term is more difficult. Respondent asserts that the trial court found the prior strike felony in support of imposing the upper term. (Answer at 9). The Court's review of the record reveals that the trial court failed to provide any explanation for its sentencing decision. After taking statements from the prosecutor and Petitioner, the following occurred in the morning session of September 24, 2002:

> [Trial] Court: Having read and considered the probation report, the defendant is not probation eligible. I will begin–this was a straight-up plea. I will begin with Count One with Penal Code Section 273.5 subdivision (a) a felony.
> [Petitioner]: Can I take my plea back?
> [Trial] Court: Just be quiet, okay? I'm sentencing you at this time. It would be the judgment of this court that he be sentenced to the midterm of six years for 273.5 subdivision (a) that is the midterm of three years doubled because of the prior serious felony conviction. That will be followed by consecutive enhancement pursuant to Penal Code Section 12022.7(e) of five years for a total term of 11 years...

---

[7] Even if the consecutive sentence had been based upon the trial judge's factual findings, Petitioner's constitutional rights would not have been violated. *See Oregon v. Ice*, 129 S.Ct. 711, 717-718 (2009). In *Oregon v. Ice*, the United States Supreme Court distinguished imposing a consecutive sentence from an upper term, finding that a trial judge does not usurp the traditional role of the injury in imposing a consecutive sentence as "[t]he decision to impose sentences consecutively is not within the jury function that 'extends down centuries into the common law.'" *Id*. (quoting *Apprendi*, 530 U.S. at 477). Thus, the *Ice* court found that a state's sentencing scheme permitting a judge to impose a consecutive sentence, thereby deviating from the norm, based upon the trial judge's fact finding did not violate the defendant's constitutional rights. Similarly, Petitioner's constitutional rights were not implicated by the trial court's imposition of consecutive sentences.

(RT, Vol. VI, at 504-505).

After discussion in chambers, the trial court withdrew this previous sentencing indication. (RT, Augmentation, at 1). The trial court then proceed on with sentencing, stating:

> He would be probation eligible only in unusual circumstances. I am not going to find unusual circumstances. Probation would be denied. It would be the judgment of this court then again beginning with Count One that he be sentenced for Penal Code section 273.5 subdivision (a) the mitigated term of two years in the Department of Corrections. That term will be followed by an enhancement pursuant to Penal Code section 12022.7(e) of five years for the infliction of great bodily injury in the commission of that offense, making a total term of seven years.

(RT, Augmentation, at 3).

The Court is unable to determine from the record provided what factors the trial court relied upon in sentencing Petitioner to the upper term. While the trial court could have relied on Petitioner's prior conviction without implicating his right to a jury trial or his right to due process of the law, the record provides no basis for this conclusion. *See Almendarez-Torres v. United States*, 523 U.S. 224, 244 (1998) (holding that fact of prior conviction need not be pleaded in an indictment or proved beyond a reasonable doubt); *but cf. Butler*, 528 F.3d at 644-645 (citing to *United States v. Kortgaard* 425 F.3d 602, 610 (9th Cir. 2005) for the proposition that the exception in *Almendarez-Torres* is a narrow one subject to certain limitations).

Even assuming *arguendo* that Petitioner's constitutional rights were violated, the Court finds that Petitioner is not entitled to habeas corpus relief as any sentencing error was harmless. *See Washington v. Recuenco*, 548 U.S. 212, 220 (2006) (sentencing errors are subject to harmless error analysis); *see also Butler*, 528 F.3d at 648. The United States Supreme Court has substantially restricted a state prisoner's entitlement to federal habeas corpus relief by requiring a showing that the violation of a federally guaranteed right had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)). In order for an error to have a "substantial and injurious effect or influence," it must have "affected the verdict." *O'Neal v. McAnnich*, 513 U.S. 432 (1995). More specifically, "[u]nder that standard, we must grant relief if we are in 'grave doubt' as to whether a jury would have found the relevant aggravating factors beyond a reasonable doubt." *Butler*, 528 F.3d at 648 (citing *O'Neal v. McAnich*, 513 U.S. 432, 436 (1995).). "Grave doubt

exists when, 'in the judge's mind, the matter is so evenly balanced that he feels himself in virtual equipoise as to the harmlessness of the error.'" *Butler*, 528 F.3d at 648 (citing O'Neal, 513 U.S. at 435). Furthermore, "the relevant question is not what the trial court *would* have done, but what it legally *could* have done." *Butler*, 528 F.3d at 648-649 (emphasis in original). Under California law only one aggravating factor need to be proven for imposition of the upper term. *See People v. Black*, 41 Cal.4th at 806; *Butler*, 528 F.3d at 642-643. Thus, any sentencing error was harmless as the state court could have imposed the upper term upon the aggravating factor that Petitioner has one prior felony conviction, of which he freely admitted. (RT at 308-309). Accordingly, the Court denies the petition for writ of habeas corpus..

**IV.      Certificate of Appealability**

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 123 S.Ct. 1029, 1039 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides that a circuit judge or judge may issue a certificate of appealability where "the applicant has made a substantial showing of the denial of a constitutional right." Where the court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 123 S.Ct. at 1034; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 123 S.Ct. at 1040.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

\\\

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Petition for Writ of Habeas Corpus is DENIED with prejudice;

2. The Clerk of Court is DIRECTED to enter judgment; and

3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

**Dated:    April 13, 2009**              /s/ **John M. Dixon**
UNITED STATES MAGISTRATE JUDGE